The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
You have requested an opinion under the authority granted in Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyist and State Officials". Specifically, you ask the following question:
 What period is covered by the statement of financial interest required under Initiated Act 1 of 1988? Does the period end December 31 of the previous year, the date the person files his financial disclosure statement, or as of the end of the filing period?
Financial statements required to be filed by Initiated Act 1 of 1988 originally were to be filed by January 31 of each year. By amendment of the legislature, this initial filing date has been extended to March 29, 1989. Provisions of Initiated Act 1 of 1989 [sic] became effective on January 1, 1989. Subchapter 7 of Initiated Act 1 of 1988 requires disclosure of several different items.
A public official is required to disclose sources of income amounting to more than $1,000 annually received as well as sources of income annually received that amount to more than $12,500. Income from the business or profession of the public official is exempted. With regard to this section, it is my opinion that a public official should disclose in the initial filing relevant incomes for the year preceding the filing deadline.
Section 21-8-701(c) provides disclosure of "the name of every business the public official and his or her spouse or any other person for use or benefit of the public official or his or her spouse, have an investment or holdings of over $1,000 at fair market value as of the date of the statement, and in addition thereto, shall identify each source as described above which has a fair market value of over $12,500 on the date of the statement." In my opinion, disclosure of the relevant information required by this section is only required, if the holdings are in existence on the date of the filing of the statement of financial interest.
Section 21-8-701(d) provides disclosure of "every office or directorship held by the public official or his or her spouse in any business, corporation, firm, or enterprise subject to jurisdiction of a regulatory agency of this state, or any of its political subdivisions. In my opinion disclosure of the information required by this section is necessary only if the directorship is held by the public official on the date of filing the statement of financial interest.
Section 21-8-701(e) requires disclosure of "the name and address of each creditor to whom the value of $5,000 or more was personally owed or personally obligated and is still outstanding by the public official. Loans made in the ordinary course of business by either a financial institution or a person who regularly and customarily extends credit shall not be required to be disclosed. Debts owed to the members of the public official's family need not be included". In my opinion a public official would have to disclose this information if he was indebted to a creditor to the extent of $5,000 or more on the date of the filing of the statement of financial interest, assuming this indebtedness was not exempted as a debt made in the ordinary course of business.
Section 21-8-701(f) requires disclosure of the name and address of certain guarantors or co-makers of public official debts. This section specifically is made applicable only to debt guarantees for debts assumed or arising after January 1, 1989.
Section 21-8-701(g) requires disclosure of gifts exceeding $100 received by the public official or his or her spouse subsequent to November 8, 1988. Any gift received prior to November 8, 1988 need not be disclosed in the statement of financial interest.
Section 21-8-701(h) also specifically requires disclosure of certain public official expenses incurred subsequent to November 8, 1988.
Section 21-8-701(i) requires disclosure of the employment of a public official, if the business by which the public official is employed is under direct regulation or subject to direct control by the governmental body by which the public official serves. In my opinion if such relevant employment exists on the date that the financial interest statement is to be filed, then such fact of employment must be disclosed.
Section 21-8-701(j) requires disclosure of the sale of goods or services by public officials or by any business in which the official is a ten percent (10%) owner. In my opinion the relevant time frame under which this section operates would be sales made subsequent to January 1, 1989 which is the effective date of the act.
This opinion in which I concur was prepared by Bill McLean Deputy Attorney General.